UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RITO AMARO AND DEMETRIA AMARO, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-3776-B |
| | § | |
| US BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE FOR CREDIT SUISSE | § | |
| BOSTON MORTGAGE SECURITIES | § | |
| CORP., HOME EQUITY ASSET TRUST | § | |
| 2004-4, HOME EQUITY | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| SERIES 2004-4 AND AMERICA'S | § | |
| SERVICING COMPANY, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss (doc. 9), filed in this foreclosure suit pursuant to Fed. R. Civ. P. 12(b)(6), by Defendants Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo") and US Bank National Association ("US Bank"), as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2004-4, Home Equity Pass-Through Certificates, Series 2004-4 (the "Trust") (collectively "Defendants"). For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss

- 1 -

# I.

## BACKGROUND[1]

In this home mortgage foreclosure case, Plaintiffs Rito and Demetria Amaro allege that Defendants violated Texas law when they foreclosed on the Amaros' home without possession of the original promissory note (the "Note") that secured the Amaros' home loan. Doc. 1-5, Orig. Pet. ¶¶ 19-39. The property in question is located at 311 North Ravinia Drive, Dallas, Texas 75211 (the "Property"). Plaintiffs seek a declaratory judgment that the Defendants are not the lawful holders of the Note and, therefore, that they had no authority to conduct the foreclosure sale. Plaintiffs also seek to quiet title to the Property and request damages for violations of the Texas Business and Commerce Code, generally, and the Texas Finance Code §§ 392.303, 392.304, and 392.301(8). *Id.*

On March 16, 2004, Plaintiffs executed a Note and Deed of Trust to non-party Decision One Mortgage Company, L.L.C. ("Decision One") for the purchase of the Property. *Id.* ¶¶ 5-6. In both the Note and Deed of Trust, Decision One was identified as the "Lender." *Id.* ¶ 6. In the Deed of Trust attached to the Original Petition, Mortgage Electronic Registration System, Inc. ("MERS") is identified as "nominee for Lender." *Id.* ¶ 9; *see* doc. 1-5, Pls.' Ex. A (Deed of Trust & Second Lien Deed of Trust).

Plaintiffs allege that any assignment of the Note or Deed of Trust is null because Decision One never properly assigned the Note or Deed of Trust to the Trust. *See id.* ¶¶ 7, 11, 16. Thus, according to Plaintiff, US Bank was never the mortgagee. When the Amaros' loan was in default in

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Original Petition. *See, e.g.*, *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a motion to dismiss pursuant to Rule 12(b)(6), "all facts pleaded in the complaint must be taken as true").

April 2012, Wells Fargo, acting as the mortgage servicer, prepared an Appointment of Substitute Trustee identifying Wells Fargo as the mortgage servicer and US Bank (as Trustee) as the mortgagee. Doc. 1-5, Pls.' Ex. B (Appointment of Substitute Trustee). The Appointment of Substitute Trustee was executed on April 24, 2012 and later recorded. *Id.*

On May 1, 2012, US Bank foreclosed on Plaintiffs' property. Pls.' Resp. 2. Plaintiffs then filed their Original Petition (doc. 1-5) in state court. Defendants properly removed the case on the basis of diversity jurisdiction and filed the present Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). The Motion has been fully briefed and is ripe for review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

- 3 -

liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. Rule Civ. P. 8(a)(2)).

## III.

## ANALYSIS

Plaintiffs make numerous claims predicated on the foreclosure in this case. The Court addresses each claim in turn.

A.    *"Show-me-the-Note" Argument*

First, Plaintiffs make the roundly rejected "show-me-the-note" argument. *See* Doc. 1-5, Orig. Pet. ¶ 8-9. Plaintiffs allege that because MERS had no ownership interests in Plaintiffs' Note or Deed of Trust, there was no interest that it could assign. *Id.* ¶ 8. Plaintiffs therefore claim the Trust could not have acquired an interest because MERS was not the payee of the Note and never held the Note; thus the language recognizing MERS as "nominee for the lenders" is ineffective. *Id.* ¶ 9.

"Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note." *Cannon v. JPMorgan Chase Bank, N.A.*, 4:11-CV-458, 2011 WL 6838615, at *5 (E.D. Tex. Nov. 16, 2011) (collecting cases); *see also* Tex. Prop. Code §§ 51.002(b), (d), 51.0025. Courts "have roundly rejected [the show-me-the-note] theory." *Wells v. BAC Home Loans Servicing, L.P.*, W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011); *see also Reardean v. CitiMortgage, Inc.*, A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011). In order to foreclose under Texas

law, the mortgagee need only provide: (1) notice of default, with an opportunity to cure, and (2) notice of the actual foreclosure sale. *See* Tex. Prop. Code §§ 51.002(b), (d), 51.0025. A mortgagee under Texas law is defined, *inter alia*, as "the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4)(C).

Here, US Bank qualified as mortgagee as it was the last entity to whom the security interest had been assigned of record. Doc. 1-5, Pls.' Ex. B (Appointment of Substitute Trustee). There is no requirement under Texas law that the mortgagee hold the Note. Plaintiffs' claims based on a requirement that the foreclosing party hold the Note thus fail as a matter of law.

B.    *Breach of the Pooling and Servicing Agreement Claim*

Alternatively, Plaintiffs challenge the assignments of the Note and Deed of Trust as a violation of the Trust's Pooling and Servicing Agreement. They argue that Defendants failed to timely acquire the Plaintiffs' Note by the Pooling and Servicing Agreement closing date of May 3, 2004. Doc. 1-5, Orig. Pet. ¶¶ 13-18.   The Amaros allege the Trust did not acquire their Note until 2012. *Id.* ¶ 16. Accordingly, the Amaros argue that acquisition of the Note or Deed of Trust by Defendant US Bank as Trustee of the Trust was void. *Id.* ¶¶ 17-18.

"[B]orrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments." *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *4 (N.D. Tex. June 26, 2012) (quoting *Garrett v. HSBC Bank USA, N.A.*, No. 3-12-CV-0012-D, 2012 U.S. Dist. LEXIS 66616, at *6 (N.D. Tex. May 11, 2012)). An assignment is a contract "between the assignor of a right and an assignee, who receives the authority to assert that right." *Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 211 (Tex. App.–El Paso 2010, pet. denied). Only parties in privity to the contract or third party beneficiaries

are entitled to enforce or challenge a contract. *Id.* A plaintiff may not challenge a contract to which she is not a party. *See Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002). Specifically in the mortgage context, "[c]ourts in this circuit have repeatedly held that borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments." *Metcalf*, 2012 WL 2399369, at *5 (citing *Garrett*, 2012 WL 1658796, at *2 and *DeFranceschi v. Wells Fargo Bank, N.A.,* 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011)).

Plaintiffs have failed to allege they were a party or third party beneficiary to any assignment of the Note or Deed of Trust, much less a party or third party beneficiary to the Trust's Pooling and Servicing Agreement. Therefore, Plaintiffs' claims relating to the assignment of the Note and Deed of Trust fail as a matter of law. Accordingly, the Court **GRANTS** the Defendants Motion to Dismiss Plaintiffs' claim related to the Trust's Pooling and Servicing Agreement.

C.    *Texas Business and Commerce Code Claim*

Plaintiffs claim that Defendants violated the Texas Business and Commerce Code. Doc. 1-5, Orig. Pet. ¶ 19-20. They fail to cite any section of the statute that was violated. Plaintiffs simply argue that "Defendants have failed to produce the Original Note with all allonges, transfers, and assignments affixed thereto, permanently, and irremovably, as required by the Texas Business and Commerce Code." *Id.* ¶ 20. For the reasons previously stated in the "show-me-the-note" section, Defendants are not required to produce the Note prior to foreclosure and Plaintiffs do not have standing to contest an assignment of the Note and Deed of Trust. Accordingly, the Court **GRANTS** the Defendants' Motion to Dismiss Plaintiffs' claim for violation of the Texas Business and Commerce Code.

D.  *Texas Debt Collection Practices Act Claims*

Plaintiffs claim Defendants violated §§ 392.301(a)(8), 392.303, and 392.304 of the Texas Debt Collection Practices Act (TDCPA) under the Texas Finance Code by attempting to collect a debt without proving they held the "original note." *Id.* ¶ 21.

TDCPA § 392.301(a)(8) prohibits debt collectors from taking a variety of actions, including "threatening to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8). The TDCPA does not prohibit a debt collector from "exercising a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code § 392.301(b)(3). Non-judicial foreclosure is not an action prohibited by law. Thus, because Plaintiffs have not alleged Defendants threatened to take an action prohibited by law, Plaintiffs' claim for violation of § 392.301(b)(3) fails.

Plaintiffs also claim a violation of § 392.303, which prohibits debt collectors from using "unfair or unconscionable means" to collect a debt. Tex. Fin. Code § 392.303. Plaintiffs allege that Defendants violated this section by collecting under the Note and Deed of Trust without producing the original Note. As stated above, under Texas law the production of the Note is not required to foreclose on a Deed of Trust. As such, Plaintiffs have not alleged that Defendants used any unfair or unconscionable means to collect a debt. Plaintiffs' claim under § 392.303 fails.  Plaintiffs final TDCPA claim falls under § 392.304, which prohibits "fraudulent, deceptive, or misleading representation" by a debt collector. Tex. Fin. Code § 392.304. A misrepresentation under the TDCPA requires the Defendant to make a false or misleading assertion. *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 632 (N.D. Tex. Dec. 29, 2010). Plaintiff does not plead any specific misrepresentation by Defendants. A vague, generalized, and conclusory allegation is insufficient to

avoid dismissal under Rule 12(b)(6). *See Holley v. Bank of Am. Nat. Ass'n*, 3:10-CV-2261-B, 2011 WL 1303252, at *2 (N.D. Tex. Apr. 4, 2011) (dismissing claim for TDCPA violations where the plaintiff failed to identify specific acts or practices prohibited by statute). Thus, because Plaintiffs fail to allege a specific misrepresentation, the claim under § 392.304 fails.

Accordingly, the Court **GRANTS** the Defendants' Motion to Dismiss all of Plaintiffs' TDCPA claims.

E.      *Quiet Title Claim*

Plaintiffs next seek to quiet title of the Property. A suit to quiet title is an equitable action to clear a "clouded" title. *Metcalf*, 2012 WL 2399369, at *6. Title to property is "clouded" when a party has an invalid claim to the property that serves to diminish the property's value. *See generally Bell v. Bank of Am. Home Loan Servicing LP*, Civil Action No. 4:11-cv-02085, 2012 WL 568755, at *6-7 (S.D. Tex. Feb. 21, 2012). In order to quiet title, the plaintiff must prove: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Metcalf*, 2012 WL 2399369, at *7 (quoting *Bell*, 2012 WL 568755, at *7). Plaintiffs "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wells v. BAC Home Loans Servicing, L.P.*, Civil Action No. W-10-CA-00350, 2011 WL 2163987, at *4 (W.D. Tex. Apr. 26, 2011) (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.–Beaumont 2000, pet. denied)). "[P]laintiff[s] . . . must prove, and thereby recover on, the strength of [their own] . . . title and not on the weakness of [their] . . . adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001, no pet.).

Here, Plaintiffs allege Defendants' failure to acquire or retain any interest in the obligations

- 8 -

under the Note voided any title or power provided for in the Deed of Trust. Doc. 1-5, Orig. Pet. ¶ 36. As a result, Plaintiffs claim a "cloud" on the title exists because they are unable to safely discharge the lien and are thus subject to multiple liabilities. *Id.* ¶ 37. They seek an order quieting title to the Property in favor of Plaintiffs and against Defendants, freeing title to the Property of the liens of the Deed of Trust and from the obligations under the Note. *Id.*

This argument has been repeatedly rejected by Texas courts. *See Metcalf,* 2012 WL 2399369, at *5 (citing *Garrett,* 2012 WL 1658796, at *2); *Woods,* 2012 U.S. Dist. LEXIS 54449, at *13; *DeFranceschi,* 837 F. Supp. 2d at 623. For the reasons stated above in Section A, Defendants are not required to verify validity of the Deed of Trust or demonstrate actual possession of the Note as requested by Plaintiffs. *See* doc. 1-5, Orig. Pet. at ¶¶ 34-37. Here, Plaintiffs have failed to adequately allege that Defendants' claim to the title is "invalid or unenforceable," and therefore, Plaintiffs fail to state a claim to quiet title. *See Metcalf,* 2012 WL 2399369, at *7.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss the quite title claim.

F.      *Declaratory Judgment*

Finally, Plaintiffs request two declaratory judgments. First, Plaintiffs request a declaration that because the Trust never acquired the Note or Deed of Trust, Defendants "could not declare a default, accelerate the debt, appoint a substitute trustee, or attempt to conduct a substitute trustee's sale." Pls' Orig. Pet. ¶ 25. Second, Plaintiffs request a declaration that Defendants "are not, and never have been, the owner/holder of the Note." *Id.* ¶ 30. A declaratory judgment merely allows a party "to obtain 'an early adjudication of an actual controversy' arising under other substantive law." *Metcalf,* 2012 WL 2399369, at *9 (quoting *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods,* 915 F.2d 167, 170 (5th Cir. 1991)). It is a procedural device and does not create

a substantive cause of action. *Valdez*, 2011 WL 7068386, at *3(citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996)). Therefore, Plaintiffs' requests for declaratory relief cannot stand alone. For the reasons stated above, Plaintiffs' requested declaratory relief fails as a matter of law. The Court **DISMISSES** the requests because there is no substantive claim remaining upon which declaratory relief may be granted.

IV.

CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**. The claims and arguments within the Plaintiffs' Original Petition and Response to Defendants' Motion to Dismiss have been repeatedly rejected by this Court and others in the Northern District of Texas. Plaintiffs' causes of action, under the Texas Business and Commerce Code, generally, and the Texas Finance Code §§ 392.303, 392.304, 392.301(8), to quiet title, and for declaratory judgment all fail and are hereby **DISMISSED WITH PREJUDICE**. The Court denies leave to amend as futile. *See* Fed. R. Civ. P. 15(a); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000).

       **SO ORDERED.**

       **SIGNED: March 22, 2013**.

                           JANE J. BOYLE
                           UNITED STATES DISTRICT JUDGE